IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff/Respondent,**

v.               Case No. 03-20135-JWL
                  04-3303-JWL
**Benito Aguirre-Leon,**

   **Defendant/Petitioner.**

## MEMORANDUM & ORDER

On September 18, 2003, Benito Aguirre-Leon was charged in a one-count indictment with unlawful reentry by a previously deported alien. On December 8, 2003, Mr. Aguirre-Leon entered a plea of guilty. In the plea agreement executed by Mr. Aguirre-Leon, he waived his right to appeal or collaterally attack any matter in connection with his conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255. On March 1, 2004, Mr. Aguirre-Leon was sentenced to a 70-month term of imprisonment. The judgment of conviction was entered on the docket on March 5, 2004. Mr. Aguirre-Leon did not appeal.

On September 15, 2004, Mr. Aguirre-Leon filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 19) in which he asks this court to vacate his current sentence and resentence him in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). As explained below, the motion is denied.

**I.     Mr. Aguirre-Leon Waived his Right to Challenge his Sentence**

The government opposes Mr. Aguirre-Leon's motion on the grounds that Mr. Aguirre-Leon expressly waived his right to challenge his sentence through collateral attack in the plea agreement that he executed. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

*A.     Scope of the Waiver*

Mr. Aguirre-Leon does not contend that the issue raised in his § 2255 petition falls outside the scope of his waiver of rights. Nonetheless, in an abundance of caution, the court briefly analyzes the scope of Mr. Aguirre-Leon's waiver and readily concludes that Mr. Aguirre-Leon waived the right to file the § 2255 motion presently pending before the court. In determining whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004);

*Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Aguirre-Leon waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343. Bearing these principles in mind, the issues raised in Mr. Aguirre-Leon's initial § 2255 petition clearly fall within the scope of his waiver. *See, e.g., United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005) (rejecting defendant's argument that waiver in plea agreement was unenforceable on the basis of changes in the law, including Supreme Court's decision in *Booker*, after the bargain was struck) (and cases cited therein); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (right to appeal a sentence based on *Booker* grounds can be waived in a plea agreement even if *Booker* had not been decided at the time of the plea; broad waiver language covers those grounds

3

of appeal).

B.     *Knowing and Voluntary*

The record also reflects that Mr. Aguirre-Leon's waiver was knowing and voluntary–an issue that Mr. Aguirre-Leon does not contest but that the court nonetheless addresses briefly in an abundance of caution.  In determining that Mr. Aguirre-Leon's waiver was knowing and voluntary, the court looks no further than the language of the plea agreement.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).  Paragraph 14 of Mr. Aguirre-Leon's plea agreement expressly states that the plea was knowing and voluntary:

> The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel.  Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.  The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

In short, the record reflects that Mr. Aguirre-Leon understood the nature of his waiver and voluntarily accepted it with knowledge of the consequences of the waiver.

C.     *Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel

4

in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Mr. Aguirre-Leon does not argue in his motion that enforcing his waiver will result in a miscarriage of justice and none of these circumstances are present in this case. Thus, enforcing Mr. Aguirre-Leon's waiver will not result in a miscarriage of justice.

## II.     Mr. Aguirre-Leon's Motion Fails on the Merits

Even if the issues raised by Mr. Aguirre-Leon in his § 2255 petition fall outside the scope of his waiver or his waiver is otherwise unenforceable, his motion nonetheless fails on the merits. As explained above, Mr. Aguirre-Leon's motion is based entirely on the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).[1]    The Tenth Circuit has expressly held,

---

[1] In addition to asserting the general argument that his sentence should be vacated in light of *Blakely*, Mr. Aguirre-Leon makes the more specific argument that enhancements he received for prior convictions of aggravated felonies were unconstitutional because the convictions were not charged in the indictment and found by a jury. The Tenth Circuit, however, has expressly rejected this argument in the aftermath of *Booker*. *See United States v. Moore*, ___ F.3d ___, 2005 WL 668813, at *3 (10th Cir. Mar. 23, 2005) (*Almendarez-Torres* remains good law after *Booker*).

Mr. Aguirre-Leon also argues that "felonies that are more than 15 years old or . . . misdermeaner [sic] of more than 10 years" should not be the basis for sentencing enhancements. It is unclear whether Mr. Aguirre-Leon is making a *Blakely/Booker* argument. To the extent he is, the argument is rejected as those cases, for the reasons explained in the text of this opinion, simply do not apply to Mr. Aguirre-Leon's case. To the extent Mr. Aguirre-Leon's argument does not rest on *Blakely/Booker*, the argument is nonetheless rejected as it is procedurally barred. *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (failure to raise an issue either at trial or on direct appeal imposes a procedural bar

however, that *Blakely* does not apply retroactively to an initial § 2255 motion. *See United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005). In so holding, the Circuit explained that *Blakely* announced a procedural rule (rather than a substantive rule) because it "'altered the range of permissible methods for determining' the appropriate length of punishment." *Id*. (quoting *Summerlin*, 124 S. Ct. at 2523). The court further held that the procedural rule announced in *Blakely* was a "new rule" because, at the time the defendant's convictions became final (after *Apprendi* but before *Blakely*), a court would not have felt compelled to conclude that *Blakely*'s rule was constitutionally required. *Id*. at 846-48. Finally, the court held that *Blakely* does not meet any of the exceptions set forth in *Teague v. Lane*, 489 U.S. 288 (1989), that render a new procedural rule retroactive. *Id*. at 848-49 (*Blakely* did not announce a new "watershed" rule of criminal procedure). Therefore, the Circuit concluded that *Blakely* does not apply retroactively to convictions that were already final at the time the Supreme Court decided *Blakely*. *Id*. at 849.

The Tenth Circuit's decision in *Price* mandates that the court deny Mr. Aguirre-Leon's motion on the merits. Mr. Aguirre-Leon did not appeal his conviction or sentence and his case was "final" prior to the Supreme Court's decision in *Blakely*. Thus, *Blakely* does not apply retroactively to Mr. Aguirre-Leon's § 2255 petition and it has no bearing on Mr. Aguirre-Leon's sentence.

---

to habeas review).

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Aguirre-Leon's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 19) is denied.

**IT IS SO ORDERED** this 7th day of April, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge