## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff/Respondent,**

**v.**                           **Case No. 03-20135-JWL**
                                       **04-3303-JWL**

**Benito Aguirre-Leon,**

        **Defendant/Petitioner.**


### ORDER

On April 7, 2005, the court entered judgment denying Mr. Aguirre-Leon's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Aguirre-Leon has now filed a notice of appeal. Thus, the court considers whether it is appropriate to grant a certificate of appealability (COA) on any issues, *see Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (construing notice of appeal as an application for a COA because a COA is a prerequisite to appealing the denial of a habeas petition), and declines to do so.

A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See id.* (quoting *Tennard v. Dretke*, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). In his § 2255 motion, Mr. Aguirre-Leon sought to have his sentence vacated in light of the Supreme Court's decision in *Blakely v. Washington,* 124 S. Ct. 2531 (2004). Recent Tenth Circuit precedent

clearly establishes that he is not entitled to a COA on this issue as *Blakely* does not apply retroactively to Mr. Aguirre-Leon's § 2255 motion and has no bearing on his sentence. *See United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005) (denying motion for rehearing from panel's decision denying application for COA where habeas petition sought to vacate sentence based on *Blakely* and *Blakely* did not apply retroactively to initial § 2255 motions for collateral relief).

Mr. Aguirre-Leon further argued in his motion that enhancements he received for prior convictions of aggravated felonies were unconstitutional because the convictions were not charged in the indictment and found by a jury and that "felonies that are more than 15 years old or . . . misdermeaner [sic] of more than 10 years" should not be used as a basis for sentencing enhancements. The court easily rejected these arguments and Mr. Aguirre-Leon cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issue should have been resolved in a different manner or that the issue was adequate to deserve encouragement to proceed further. With respect to his argument concerning the enhancements for prior convictions of aggravated felonies, the Tenth Circuit has expressly held that *Almendarez-Torres* remains good law after *Booker*. *See United States v. Moore*, 401 F.3d 1220, 1223 (10th Cir. 2005). The court rejected Mr. Aguirre-Leon's argument concerning dated felonies and misdemeanors as procedurally barred. *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review).

For the foregoing reasons, the court declines to issue a certificate of appealability.

2

**IT IS SO ORDERED** this 27th  day of June, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge